UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : Cr No. 07-124 T

JOHN PERRAS :

DEFENDANT'S OBJECTION TO PRE-SENTENCE REPORT

NOW comes the defendant, John Perras, and objects to the Pre-Sentence Report.

1. Paragraph 21

Paragraph 21 of the PSR imposes a two-level increase in Mr. Perras' offense level based upon a determination that, under U.S.S.G. § 2B1.1(b)(10), the actions of Mr. Perras in creating checks with a computer and tracing account holder signatures somehow constituted "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or obtained by the use of, another means of identification." Simply stated, none of the allegations set forth in the Prosecution Version amount to facts that would trigger the application of U.S.S.G. § 2B1.1(b)(10)(C)(i) or (ii).

If the court reviews U.S.S.G. §2B1.1(b)(10)(C)(i) or (ii), it is clear that the enhancement contained in that section is directed toward the theft of identity.

In fact, the application notes to that section demonstrate that the intent of the Sentencing Commission was to only punish the theft of identity and not to enhance sentences in a case, like the instant case, where the defendant only forges signatures.

The general remarks in the application notes state that the section applies where a means of identification is used "without that individual's authorization unlawfully to produce or obtain another means of identification." Implicit in this analysis is that two, separate forms of identification, at a minimum, must be used in order to trigger the application of this particular sentencing enhancement. U.S.S.G. § 2B1.1, comment. ( n. 9). Mr. Perras used the identification information to create bogus checks, which are not considered a means of identification.

Finally, the fact that Section 2B1.1(b)(10)C) is not meant to apply to basic forgery is illustrated by another comment by the Sentencing Commission.

"(iii) Nonapplicability of Subsection (b)(10(C)(i) - Examples of conduct to which subsection (b) (10(C)(I) does not apply are as follows:

* * *

(II) A defendant forges another individual's signature to cash a stolen check. Forging another individual's signature is not producing another means of identification."

U.S.S.G. § 2B1.1, comment. (n. 9(D) ).

In view of the fact that this defendant's conduct does not come within the ambit of U.S.S.G. § 2B1.1(b)(10)(C)(i) or (ii), the defendant, John Perras urges the court to sustain his objection and find that the defendant's Total Offense Level is a 16. Given the defendant's criminal history category of VI, the range of sentences would be 46-57 months.

JOHN PERRAS,
By his attorney,

/s/ Edward C. Roy, Esquire
ASSISTANT FEDERAL PUBLIC DEFENDER
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Sandra R. Beckner, AUSA on the 20th day of February, 2008 by way of ECF case filing.

/s/ Edward C. Roy, Esquire