IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-07-124-01T |
| | : | |
| JOHN P. PERRAS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT

The government agrees with the defendant that a two-level adjustment to the defendant's base offense level pursuant to U.S.S.G § 2B1.1(b)(10) is not appropriate in this case. The government does not believe that this offense involves "device-making equipment," an "authentication feature," an "unauthorized or counterfeit access device," the "use of any means of identification unlawfully to produce or obtain any other means of identification," or the "possession of 5 or more means of identification that unlawfully were produced from . . . another means of identification." See U.S.S.G. § 2B1.10(b)(10) and Application Note 9; see also 18 U.S.C. §§ 1028, 1029; United States v. Hughey, 147 F.3d 423, 433-36 (5th Cir. 1998); United States v. Hume, 312 F.Supp.2d 893 (E.D.Mich. 2004).

U.S.S.G. § 2B1.1(b)(10)(A), involving an enhancement for the possession or use of device-making equipment or authentication features, does not apply in this case. "Device-making equipment" is defined as equipment designed to make an access device. See 18 U.S.C. § 1029(e)(1)(2). An "access device" may be "any . . . account number . . . that can be used, alone or in conjunction

with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)." 18 U.S.C. § 1028(e)(1). Although the defendant used a computer to print fraudulent checks containing account numbers, because bad checks or forged checks are excluded from the definition of access device, see Hughey, 147 F.3d at 433-36, the defendant's conduct did not involve the use of device-making equipment. Likewise, this offense did not involve an authentication feature, which is defined as a marking used by a government entity or agency to determine whether an identification document is authentic. See 18 U.S.C. § 1028(d)(1)(3)(6). The names and account numbers used by the defendant to print the fraudulent checks were not authentication features used to determine the authenticity of identification documents or means of identification. Thus, U.S.S.G. § 2B1.1(b)(10)(A) does not apply.

U.S.S.G. § 2B1.1(b)(10)(B) also does not apply. Subsection (B) provides for an enhancement when the offense involves the production or trafficking of an unauthorized or counterfeit access device, or an authentication feature. As already explained, the fraudulent checks do not involve authentication features, and the "paper instrument" exception to the definition of an "unauthorized or counterfeit access device" described

above, precludes the application of § 2B1.1(b)(10)(B) to the defendant's case. See Hughey, 147 F.3d at 433-36; United States v. Childs, 173 Fed. Appx. 360 (5th Cir. 2006) (unpublished); Humes, 312 F.Supp.2d at 896-98.

As pointed out by the defendant, U.S.S.G. § 2B1.1(b)(10)(C) does not apply. The defendant's production of fraudulent checks did not involve the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification. Nor did it involve the possession of 5 or more means of identification that unlawfully were produced from or obtained by the use of another means of identification. See U.S.S.G. § 2B1.1(b)(10) and Application Note 9(C).

Based on the foregoing, the government does not oppose the defendant's objection to the PSR.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On February 25, 2008, I caused the within "Government's Response to Defendant's Objection to the Presentence Report" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov