UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : Cr No. 07-124 T

JOHN PERRAS :

DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO AMEND JUDGMENT

Pursuant to the court's request, defense counsel is submitting to the court a supplemental memorandum in support of the defendant's motion to amend judgment. The defendant requests that the court amend the judgment to reflect the court's recommendation that the defendant's federal sentence be served concurrently with the sentence imposed by Rhode Island Superior Court Justice Robert Krause.

1. Travel of the case

Although the procedural background of this case is not disputed by the government, a brief synopsis will assist the court in resolving the issue before the court. On August 9, 2007, a joint investigation involving the United States Secret Service and the Cranston Police focused on John Perras. Perras was suspected of manufacturing counterfeit checks. Mr. Perras was arrested on August 9, 2007 on

State of Rhode Island warrants unrelated to this case. After his arrest, Mr. Perras was advised of his Miranda rights and questioned by an agent of the United States Secret Service. Mr. Perras admitted his involvement in the facts underlying this case. While Mr. Perras had owned up to his actions in an interview with a Secret Service agent, the State of Rhode Island first charged him with violating certain provisions of the Rhode Island General Laws relating to passing counterfeit checks.

Mr. Perras agreed to plead guilty to an information charging him with bank fraud in violation of Rhode Island law, P2/2007-0283A. The charges in P2/07-0283A pre-date the allegations in the instant case. See PSR at ¶ 46. On October 17, 2007, Mr. Perras pled guilty to the allegations set out in Counts 1 and 2 of that information.

On November 6, 2007, the government filed a fully-executed plea agreement in this case. Mr. Perras entered a guilty plea on November 15, 2007. The court scheduled sentencing for March 13, 2008. On March 13, 2008, this court imposed a sentence of 51 months imprisonment concurrently on each of the 26 counts contained in the indictment. On March 18, 2007, Mr. Perras was sentenced by Judge Krause in Providence County Superior Court to a sentence of five (5) years imprisonment. The Superior Court noted on the commitment order

that the sentence in P2/2007-0283A was to be served concurrently with the sentence imposed by this court in the instant case.

At the time of Mr. Perras' sentencing in this court, defense counsel made note of the pending sentencing in Providence County Superior Court and asked that the court note on the judgment and conviction that this sentence be imposed concurrently with that yet to be imposed sentence.

2. Argument

A) This court has the authority to amend the judgment under Fed. R. Crim. P. 36 to reflect the court's recommendation that the sentence in this case be served concurrently with that imposed by the Providence County Superior Court in P2/2007-0283A.

Under Bureau of Prisons policy, the order in which federal and state sentences are imposed is based on the concept of primary jurisdiction. The first sovereign to arrest has primary jurisdiction. See, generally, *Interaction Of Federal And State Sentences When The Federal Defendant Is Under State Primary Jurisdiction,* Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons, October 11, 2006. (Hereinafter Sadowski memo) (Copy attached).

Mr. Sadowski's memorandum is extremely well-written, however, there is no authority for the policy of primary jurisdiction that has been adopted by the

Bureau of Prisons. While "first in time, first in right" may work well in the context of liens on real estate, there are a number of policy considerations that, in the context of criminal cases, that cause such a policy to be inefficient, expensive and cumbersome.

The impracticality of the "first in time, first in right in right" policy is reflected in Mr. Sadowski's memorandum where he writes that

> The Bureau of Prisons interprets [18U.S.C.] § 3584 to also permit a federal judge to order concurrent service with a state sentence. There is a split in the circuits on whether the federal judge can order concurrent or consecutive service with a state sentence yet to be impose. At a minimum, the Bureau would consider any such order as a recommendation from the federal sentencing court.

Sadowski memo, at p. 4. (Footnotes omitted).

Based on the foregoing, defense counsel would submit that the simplest solution to the dilemma before the court would be to amend the judgment to reflect a recommendation that this sentence be served concurrently with the Providence County sentence in P2/07-0283A. While the State of Rhode Island did arrest Mr. Perras first, the Secret Service was involved with the case at the outset. In that circumstance, the policy of "first in time, first in right" ignores the integral role of federal law enforcement in this investigation.

Rule 36 of the Federal Rules of Criminal Procedure allows for the correction of "an error in the record arising from oversight or omission." In this case, in view of the fact that defense counsel did make a request for a recommended concurrent sentence, it would seem that Rule 36 would apply to this motion.

B) Exploration of other solutions.

The court mentioned at the May 29, 2008 hearing that, if the State of Rhode Island were to relinquish primary jurisdiction, the Bureau of Prisons would be able to take custody of Mr. Perras. Defense counsel has attempted, to no avail, to broach that subject with various lawyers with the Rhode Island Department of Attorney General. To date, the lawyers from the Attorney General's office have not returned counsel's calls. Mr. Perras' state court appointed attorney indicated that he would explore the filing of a motion to vacate Mr. Perras' plea, however, no motion has yet been filed.

C) Effect of *United States v. Martinez-Guerrero*, No. 07-1362 (April 29, 2008).

At the court's request, defense counsel has reviewed and researched the case of United States v. Martinez-Guerrero, where the District Court for the Northern District of Texas sentenced a defendant to a term of twenty four

months, to be served consecutive to a yet to be imposed State of Texas sentence. (See attached Amended Judgment). The United States Court of Appeals for the Fifth Circuit, in an unpublished opinion, affirmed the sentence. (See attached opinion). A petition for issuance of writ of certiorari was filed on April 29, 2008 but has yet to be acted upon.

As of the date of the Fifth Circuit's opinion in Martinez-Guerrero, the controlling authority in the Fifth Circuit was United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006). Candia stands for the notion that a federal judge may impose a federal sentence consecutively or concurrently with a state sentence. Id., 454 F.3d, at 475. The Candia decision, to the extent that it affords a district court with discretion to impose a sentence either consecutively or concurrently with a state sentence, supports the defendant's arguments here.

D) Conclusion.

For the reasons set forth above, defense counsel prays that this Honorable Court amend the judgment to reflect a recommendation that Mr. Perras' sentence in this case be served concurrently with his sentence in Providence County Superior Court case number P2/07-0283.

JOHN PERRAS,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Sandra R. Beckner, AUSA on the 3rd day of June, 2008.

/s/ Edward C. Roy, Esquire