**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-07-124-01T** |
| | : | |
| **JOHN P. PERRAS** | : | |

## GOVERNMENT'S MEMORANDUM OF LAW

The Court asked the parties to brief the issue of how the Court can cause its March 19, 2008 federal sentence to be served concurrently with a subsequently imposed state sentence. If the record at sentencing clearly indicates the Court's intent, the Court may be able to use Rule 36 to amend its written judgment; however, if the record does not clearly reflect the Court's intent, the defendant should petition the Bureau of Prisons to designate the Adult Correctional Institution (ACI) as the facility where the federal sentence be served.

## FACTS

On September 26, 2007, a federal grand jury charged the defendant with one count of conspiracy to commit bank fraud and 25 counts of bank fraud. At the time he was indicted, the defendant was in the custody of the State of Rhode Island. A writ of habeas corpus ad prosequendum was issued by this Court for the change of plea hearing and the sentencing hearing held in this case. On November 15, 2007, the defendant pled guilty to

all 26 counts of the indictment. Then, on March 13, 2008, the Court sentenced the defendant to a term of imprisonment of 51 months.

At the sentencing, the defendant asked the Court to order that the federal sentence be served concurrently with the state sentence expected to be imposed in the near future. The Court determined that it could not order a sentence to be served concurrently with a sentence not yet imposed.[1]

On March 18, 2008, the defendant was sentenced to five years imprisonment in Providence County Superior Court. The state court judge noted on the commitment order that the state court sentence was to be served concurrently with the sentence imposed by this Court in the instant case.

The defendant now asks this Court to amend its judgment to recommend that the federal sentence be served concurrently with the subsequently imposed state sentence. At the hearing on the defendant's motion, the Court questioned whether it had the authority to amend the judgment, but stated that concurrent federal and state sentences had been its intent.

[1] There is a Circuit split regarding whether the Court has authority to order that a federal sentence be served concurrently with a state sentence that has not yet been imposed. The First Circuit has not yet addressed the issue. <u>See</u> Petition for a Writ of Certiorari, <u>Martinez-Guerrero v. United States</u>, No. 07-1362, 2008 WL 1906207 at *5-7 (April 29, 2008).

**DISCUSSION**

"A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute." Morales v. United States, 353 F.Supp.2d 204, 205 (D.Mass. 2005); see United States v. Fahm, 13 F.3d 447, 453-54 (1st Cir. 1994). Unless the case fits within a few statutory exceptions that are not applicable in this case,[2] see 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed...." 18 U.S.C. § 3582; Morales, 353 F.Supp.2d at 205.

**A. RULE 36**

Although a district court lacks authority to modify a sentence unless one of the few statutory exceptions apply, a court may correct a clerical error in the judgment or an error in the record arising from oversight or omission. See Fed. R. Cr. P. 36. However, "Rule 36 is considered generally inapplicable to *judicial* errors and omissions." Fahm, 13 F.3d at 454 & n.8; United States v. Peters, 324 F.Supp.2d 136, 142 (D.Maine 2004). "'Rule 36 is not a vehicle for the vindication of the court's

[2] Section 3582(c) provides that a term of imprisonment may be modified upon motion of the Director of the Bureau of Prisons if the court finds "extraordinary and compelling reasons" or if the defendant is at least 70 years old and has served at least 30 years of his sentence. See 18 U.S.C. § 3582(c)(1)(A). The court may also modify a term of imprisonment upon motion of the government pursuant to Fed. R. Cr. P. 35. See 18 U.S.C. § 3582(c)(1)(B).

unexpressed sentencing expectations, or for the correction of errors made by the court itself.'" U.S. v. Burd, 86 F.3d 285, 288 (2d Cir. 1996) (citing U.S. v. Werber, 51 F.3d 342, 347 (2d cir. 1995)).

In the First Circuit, Rule 36 has been used to correct a judgment that fails to accurately reflect the clearly stated intent of the sentencing judge. See United States v. Crecelius, 751 F.Supp. 1035, 1037 (D.R.I. 1990); see also United States v. Claudio, 44 F.3d 10, 16-17 (1st Cir. 1995) (Rule 36 would allow the judge to correct a sentence based upon an incorrect belief as to the time already served by the defendant). In Crecelius, 751 F.Supp. at 1037, this Court amended its judgment from a sentence of 12 months to a sentence of 12 months and one day to achieve its stated intent of the minimum sentence provided for in the Sentencing Guidelines. But see Peters, 324 F.Supp.2d at 141 (noting that Crecelius was decided before the First Circuit footnoted its view of Rule 36 in Fahm and noting that the district court judge amending the judgment was the sentencing judge).

In this case, the Court stated at the hearing on the motion to amend that its intent had been to have the federal sentence run concurrently with the state sentence. If the record at sentencing clearly reflects this intent, under the guidance of

Crecelius and Claudio, Rule 36 may allow the Court to amend its judgment.

**B. Bureau of Prison's Designation of the ACI as the Facility to Serve the Federal Sentence**

Under 18 U.S.C. § 3621(b), the Bureau of Prisons (BOP) has the power to designate the state facility where a prisoner is serving a state sentence as the facility where the prisoner shall serve the federal sentence. This would cause the federal and state sentences to be served concurrently in the state facility. See Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005); Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002); Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000); McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998). A prisoner does not need to be in federal custody for the BOP to make the determination that the federal sentence be served at the state facility where the inmate is currently in state custody. See McCarthy, 146 F.3d at 120 (prisoner was serving a seven year state sentence when the Second Circuit ordered the BOP to review the designation request).

In Barden v. Keohane, 921 F.2d 476, 483-84 (3rd Cir. 1990), the Third Circuit recognized that the sentencing court lacked the power to impose a sentence concurrent with a future state sentence, and that the power to resolve the concurrent versus consecutive problem lay with the BOP. Accordingly, the

petitioner was entitled to have his request considered, and if the BOP improperly denied or refused to review the request, the petitioner could seek relief directly from the district court by filing a writ of habeas corpus under 28 U.S.C. § 2241. Id.

In Taylor, 284 F.3d at 1148-49, the Ninth Circuit recognized that BOP policy provided that the BOP may designate the state facility as the place of service for the federal sentence:

> (1) if a defendant serving a state sentence is sentenced by a federal judge who orders the federal sentence to run concurrently with a preexisting state sentence . . . (2) if the federal court orders concurrent service of the federal sentence at some time after the initial imposition . . . (3) if an inmate requests a *nunc pro tunc* designation and the district court does not object . . . and (4) if a 'state jurisdiction' makes a 'request' that state and federal sentences be treated as concurrent terms of imprisonment.

Thus, while the Court may lack authority to amend its judgment at this time, there is nothing that precludes the defendant from requesting that BOP designate the ACI as the facility for service of his federal sentence.

## CONCLUSION

In light of the above discussion, the government recommends that the defendant request that the BOP designate the ACI as the facility where the defendant will serve his federal sentence. Additionally, the undersigned Assistant will attempt to contact the Office of the Attorney General for the State of Rhode Island

to explore whether the Attorney General would support a request that the state court amend its judgment or grant the defendant parole such that the defendant would be transferred to federal custody.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On June 10, 2008, I caused the within "Government's Memorandum of Law" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj