UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - -
UNITED STATES                   :
                                :
    v.                          :    CR No. 07-124-01 S
                                :
JOHN P. PERRAS                  :
- - - - - - - - - - - - - - - - -

**MEMORANDUM AND ORDER**

John P. Perras has filed a Motion seeking credit towards his current federal sentence for time served on a state court sentence.[1] For the reasons that follow, the Motion must be denied.

I.  BACKGROUND

In October 2007, Perras was named in a 26-count indictment in this Court on charges of counterfeiting and

---

[1] Perras' Motion is entitled, "Motion under Federal Rules of Criminal Procedure, Rule § 36," ECF No. 131. Apart from the title, Perras makes only a brief reference to Fed. R. Crim. P. 36 in his motion. Because Rule 36 merely provides for the correction of clerical errors in a judgment in a criminal case, and because the relief that Perras actually seeks does not arise from any clerical error or omission in his Judgment, that provision need not be further discussed herein. See Hill v. United States, No. CR-03-40229-DLJ, 2010 WL 4977752, at *2 (N.D. Cal. Dec. 2, 2010) (motion seeking credit for time served "does not arise from the Court's clerical error or the Court's oversight or omission such that it falls within the parameters of [Fed. R. Crim. P.] 36"). See also United States v. Fahm, 13 F.3d 447, 454 n.8 (1st Cir. 1994) (Fed. R. Crim. P. 36 is generally inapplicable to judicial errors and omissions).

bank fraud.[2] He pled guilty in November 2007 and on March 13, 2008 was sentenced before Judge Ernest Torres to 51 months imprisonment. (See Judgment, ECF No. 89.)

At the time Perras was initially charged and arrested, he was serving a six-month state prison sentence for an unrelated domestic assault. That sentence concluded on January 31, 2008. On that date, Perras was also being held on various state offenses and violations, including charges of forgery and counterfeiting, unrelated to his federal offense. See State v. Perras, Providence County Superior Court, Dkt. No. P2/07-0283A. Perras was sentenced in that case on March 18, 2008 to five years to serve. That state sentence was subsequently vacated on August 15, 2008, and Perras entered federal custody to begin serving his federal sentence on October 16, 2008. The state sentence in P2/07-0283A was reimposed on November 18, 2008, and Perras was again sentenced to five years to serve, retroactive to October 17, 2007.[3]

---

[2] Six co-defendants were indicted along with Perras. The proceedings as to those defendants are irrelevant to the instant Motion.

[3] It appears that the state sentence was vacated and then reimposed in order to enable Perras to enter federal custody to begin serving his federal sentence and to enable his state and federal sentences to be served concurrently.

As a result of the state sentence being made retroactive, Perras received credit on that sentence for time served since October 17, 2007.

2

The Bureau of Prisons (BOP) credited Perras' time served from the date of his sentencing.[4] Thus, it appears that since March 13, 2008, Perras served his state and federal sentences concurrently, until he was paroled on the state sentence on October 6, 2009. He continues to serve his federal sentence.

II. DISCUSSION

In his motion, Perras seeks credit on his federal sentence for time served between February 1, 2008 and March 13, 2008 (the date of his federal sentencing). In support, he relies on 18 U.S.C. § 3585 and USSG § 5G1.3.

After reviewing the instant Motion and the records in this case, this Court finds that Perras is not entitled to credit for time served between February 1 and March 13, 2008, as it appears that time has already been credited towards another state sentence. Under 18 U.S.C. § 3585(b), a defendant is to be given credit for all time in official detention "prior to the date the [federal] sentence

---

[4] This Court is advised that the BOP had initially awarded Perras credit for time served for the period in question (February 1 – March 18, 2008) but then reconsidered its determination after his state sentence was re-imposed and made retroactive, and determined that he was no longer eligible for credit for that period. The BOP's determination is not before this Court.

commences . . . <u>that has not been credited against another sentence</u>."  (Emphasis added.)

Here, Perras was given credit for the time served between February 1 and March 13, 2008 by the State of Rhode Island in connection with his state sentence in P2/07-0283A.  Because the time served has "been credited against another sentence," it may not be credited towards his federal sentence under § 3585(b).  <u>See</u> <u>United States v. Mills</u>, 501 F.3d 9, 11 (1st Cir. 2007) (where time served was applied to state sentence, defendant was not entitled to have that time also credited towards his federal sentence) (citing <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992)).

In his motion Perras also cites USSG § 5G1.3, but that provision does not assist him.  Section 5G1.3(b) provides for an adjustment to a federal sentence "for any period of imprisonment already served on [an] undischarged term of imprisonment" for a related offense.  However, that provision only applies to a defendant who at the time he receives a federal sentence, was "subject to an undischarged term of imprisonment" on a sentence for a related offense.  <u>Id.</u>  At the time of his federal sentencing on March 13, 2008, Perras had not yet been sentenced in his state case (P2/07-0283A) -- he was

4

sentenced in that case 5 days later on March 18.  In addition, the record shows that the state sentence was for an offense unrelated to his federal offenses.

In short, at the time of his federal sentence, Perras was not subject to any <u>undischarged</u> term of imprisonment for any <u>related</u> offense -- and thus § 5G1.3 does not apply. <u>See</u> <u>United States v. Carrasco-de-Jesus</u>, 589 F.3d 22, 27 (1st Cir. 2009) ("in order to gain [§5G1.3's] benefit, a defendant must prove that she satisfies each and every element of the guideline"); <u>United States v. Kimbrough</u>, No. 1:08-CR-195, 2010 WL 3779199 (W.D. Mich. Sept. 22, 2010) (declining adjustment under USSG § 5G1.3, where state sentence was for conduct unrelated to federal offense for which defendant was being sentenced).

In view of this Court's determination that it has no authority to amend or modify Perras' sentence or judgment in order to credit his federal sentence for time served, his Motion fails.[5]

---

[5] Because the determination of whether to award credit towards a federal sentence for time served on another offense lies with the BOP in the first instance, <u>see</u> <u>United States v. Wilson</u>, 503 U.S. 329, 333-34 (1992), Perras should direct any further inquiries regarding credit on his sentence to the appropriate representative of that authority.

III. CONCLUSION

In view of the foregoing considerations, the instant Motion seeking credit for time served is hereby DENIED.[6]

IT IS SO ORDERED:

/s/ *William E. Smith*
William E. Smith
United States District Judge
Date: May 25, 2011

---

[6] This Court notes that Perras had unsuccessfully requested Judge Torres, both at the sentencing hearing and via postconviction motion, to permit his federal sentence to be served concurrently with his state sentence. (See Def.'s Mot. to Amend J., ECF No. 99.) No formal ruling on that motion is reflected on the docket. To the extent that the postconviction motion remains pending, it is hereby denied as moot, in view of the subsequent developments as to Perras' state sentence, noted above.